```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. HEINRICH,

                        Plaintiff,           10-CV-6239

              v.                             DECISION
                                             and ORDER
XEROX CORPORATION,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff William J. Heinrich ("Heinrich") brings this action pursuant to the Age Discrimination in Employment Act (the "ADEA"); against defendant Xerox Corporation, ("Xerox"), claiming that he was unlawfully fired from his employment by Xerox on the basis of his age.[1] Specifically, Heinrich, who was 40 years old when he was terminated from his employment, claims that he was treated differently than younger, similarly situated workers, and was fired for engaging in conduct that would not have resulted in termination of employment for younger workers.

---

[1] The Court notes that the original Complaint filed in this action failed to allege claims of age discrimination, and instead alleged retaliatory discrimination. In response to a motion to dismiss, plaintiff filed an Amended Complaint (the subject of the current motion) which omits claims of retaliation, and instead alleges age discrimination in violation of the ADEA. A review of the plaintiff's administrative complaint, which was not filed with either the original Complaint or Amended Complaint, but was requested by the court, reveals that plaintiff alleged age discrimination in his administrative complaint of discrimination, and thus has administratively exhausted this claim as required by the ADEA.

Defendant denies plaintiff's claim, and moves to dismiss plaintiff's Amended Complaint, or, in the alternative, seeks summary judgment against the plaintiff. According to Xerox, Heinrich cannot establish an inference of discrimination because there is no evidence that he was treated differently than similarly situated employees who were significantly younger than plaintiff at the time his employment was terminated, or under the age of 40. In support of its motion Xerox contends that the plaintiff, who was 40 at the time he was fired, was one of the three youngest employees in his work group, and was only months older than the two youngest employees in that group. Xerox argues because the plaintiff was only months older than other allegedly similarly situated employees, and was among the youngest of employees in his work group, Heinrich cannot, as a matter of law, state a claim for age discrimination.

For the reasons set forth below, I deny defendant's motion to dismiss, and deny without prejudice defendant's motion for summary judgment.

## BACKGROUND

According to the Amended Complaint, plaintiff William Heinrich was hired by defendant Xerox in March, 1988, and began his employment in the Supplies Division. In September, 2008, when plaintiff was 40 years old, his employment was terminated. At the time he was fired, plaintiff worked as a "Coater-Operator".

According to the Amended Complaint, plaintiff was fired for having violated Xerox's personal conduct policy. According to the defendant, Heinrich was terminated because he had, inter alia, threatened a co-employee. Plaintiff alleges that he was never made aware that he had allegedly threatened other co-workers. He contends that he was treated differently than employees who were under the age of 40, in that those employees were not disciplined as harshly as he was for engaging in the same or similar conduct for which he was disciplined.

## DISCUSSION

I. Legal Standards Governing a Motion to Dismiss

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal

quotation marks omitted).[2]  For purposes of a motion to dismiss, the court will deem the complaint to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir.2000).

### II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

---

[2] See also Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974) ("at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'")

### III. Defendant is not entitled to dismissal of Plaintiff's ADEA claims

#### A. Legal Standards for Age Discrimination Claims

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that; (1) he is a member of a protected group; (2) he was qualified for the position he held; and (3) he was discharged under circumstances giving rise to an inference of age discrimination. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Promisel v. First American Artificial Flowers, 943 F.2d 251, 259 (2d Cir. 1991), cert. denied, 502 U.S. 1060 (1992).

#### B. Plaintiff has stated a plausible claim for Age Discrimination

In the instant case, plaintiff alleges that because he was over the age of 40 at the time his employment was terminated, he is a member of a protected class under the ADEA. He further alleges that he was qualified for his employment. He claims that he was treated differently than younger employees in that his employment was terminated after he engaged in the same or similar conduct engaged in by younger employees who did not lose their jobs. Such allegations state a claim for age discrimination under the ADEA.

Xerox alleges that plaintiff's claims are deficient because plaintiff cannot establish that his employment was terminated under circumstances giving rise to an inference of discrimination. Specifically, Xerox contends that as a matter of law, a plaintiff cannot establish employment discrimination where the allegedly

similarly situated employees who were not discriminated against are approximately the same age as the plaintiff. According to Xerox, because Heinrich was not significantly older than the two similarly situated employees who were allegedly treated more favorably than he was, he can not state a claim upon which relief may be granted.

By statute, employees who are over the age of 40 are protected class members under the ADA. 29 U.S.C. § 631(a). To establish an inference of discrimination, however, a plaintiff must do more than prove that he is over the age of forty. Rather, as the Supreme Court of the United States has clarified, the plaintiff must establish that he was treated less favorably than significantly younger employees. O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996)("In the age-discrimination context, . . . an inference [of discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger."); Woodman v. WWOR-TV, Inc., 411 F.3d 69, 78-79 (2nd Circ., 2005)(mere replacement of worker in protected class by worker outside of the class fails to establish prima facie case of discrimination absent evidence that worker was replaced by significantly younger worker). Moreover, courts have held that age differences of less than three years are "insignificant" for purposes of determining whether or not one employee is significantly younger or older than another employee. See Jaworski v. Westplex Corp., 49 F.Supp.2d 151, 159 (W.D.N.Y., 1998)(Telesca, J.)(replacement of a 43 year old manager by 40-year employee who previously reported to the manager, "in absence of other evidence,

does not give rise to an inference of discrimination" as "[t]he age differences are too insignificant for a reasonable trier of fact to conclude that the older employee was terminated because of his age."). See also Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1166 (10th Circ., 2000) (holding that two-year difference between plaintiff and replacement employee was "obviously insignificant" and therefore replacement of plaintiff with younger employee failed to establish an inference of discrimination); Grosjean v. First Energy Corp., 349 F.3rd 332 (6th Circ., 2003)(collecting 26 cases in which age differences of less than ten years between plaintiffs and replacement or comparative employees were held to be insufficient to establish an inference of discrimination.)

In the instant case, defendant has provided what it deems to be "irrefutable" evidence that plaintiff was the third youngest of nine employees in his particular workgroup, and that he was only 14 months older than the youngest employee in the workgroup, who was 39 at the time of plaintiff's dismissal. Defendant further submits that there is no evidence that either of the two younger employees engaged in any of the alleged conduct of threatening other employees, that resulted in the termination of plaintiff's employment.

It would be premature, however, at this stage of the litigation, where discovery has not commenced, to grant the defendant's motion for summary judgment. Plaintiff has not had the opportunity through discovery to verify the ages of the employees identified by Xerox, nor has plaintiff been able to determine

whether or not the identified employees are the only employees similarly situated to the plaintiff.  Accordingly, the facts that defendant asks the court to accept in support of its motion for summary judgment have not been tested by the plaintiff.  Because the plaintiff has not had the opportunity to challenge or verify the disputed information, this court can not state as a matter of law that the facts are undisputed.  I therefore deny defendant's motion to dismiss, and I deny defendant's motion for summary judgment without prejudice.

## **CONCLUSION**

For the reasons set forth above, I deny defendants' motion to dismiss plaintiff's Amended Complaint, and deny without prejudice defendant's motion for summary judgment.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                    s/Michael A. Telesca
                                                      Michael A. Telesca
                                          United States District Judge

DATED:     Rochester, New York
           June 22, 2011